U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Brien McMahon Federal Building*　　　　　　　(203) 696-3000
*915 Lafayette Boulevard, Room 309*
*Bridgeport, Connecticut 06604*　　　　　　　 *Fax (203) 579-5550*

November 22, 2004

Michael Hillis, Esq.

>    Re:  United States v. Jaime Mendez
>         Criminal No. 3:01CR162(SRU)

Dear Mr. Hillis:

   This letter confirms the plea agreement entered into between your client, Jaime Mendez (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

The Plea and Offense

   The defendant, JAIME MENDEZ, agrees to plead guilty to Count One of the First Superseding Indictment in the matter of United States of America v. Dario Puerta, et al., Criminal No. 3:01CR162(SRU) charging him with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). The defendant understands that in order to be guilty of this offense the following must have occurred:

   1.  That he conspired with at least one other person to possess with intent to distribute more than 5 kilograms of cocaine; and

   2.  That he knowingly, willfully and voluntarily became a participant in, or a member of, the conspiracy.

The Penalties

   This offense carries a maximum penalty of life in prison and a $4,000,000 fine. Moreover, pursuant to 21 U.S.C. § 841(b)(1)(A), the offense carries with it a mandatory minimum sentence of ten years in prison. In addition, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. The defendant understands that should

he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of the supervised release with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count to which he is convicted. The defendant agrees to pay the special assessment to the Clerk of the Court on or before the date of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f).

<u>Reinstatement of Indictment</u>

The defendant hereby agrees to have the indictment in this case reinstated against him following the Court's granting of the government's motion to dismiss the indictment without prejudice in light of the defendant's conviction in Massachusetts state court. In light of the remand in the Massachusetts proceeding, the defendant acknowledges that the Government can, and hereby does, re-institute the indictment under the terms of its motion to dismiss. The defendant does not oppose the reinstatement of the indictment.

The defendant reserves the right to withdraw his plea if the Massachusetts state authorities pursue criminal charges against him arising out of the October 26, 2000 arrest on the Massachusetts Turnpike which forms the basis of the indictment in this case.

<u>Sentencing Guidelines</u>

1. <u>Applicability</u>

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any

applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section 3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline section 3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

3. Guideline Calculation

The Government and the defendant stipulate and agree that a total of 10 kilograms of cocaine are attributable to defendant for purposes of sentencing.

4.  **Forfeiture**

The defendant agrees to forfeit to the United States any assets or fruits of the illegal activity which forms the basis of the indictment in this case.

5.  **Waiver of Appeal Rights**

The defendant understands that under certain circumstances he may appeal his sentence. The defendant hereby waives his appellate rights if the sentence of the Court is ten years imprisonment or less. The defendant hereby acknowledges that he is waiving his appellate rights knowingly and voluntarily after his counsel has fully explained such rights to him. The defendant also waives any right to collaterally attack the sentence in a habeas proceeding pursuant to Title 28, United States Code, Section 2255, and acknowledges full satisfaction with his counsel.

6.  **Information to the Court**

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**Waiver of Trial Rights**

**Waiver of Trial Rights and Consequences of Plea**

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Right to Challenge Absence of Jury
<u>Findings re Facts Used to Increase Sentence</u>

The defendant understands that he may be able to argue under <u>Appendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 125 S. Ct. 2531 (2004) that he had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could apply certain specific offense characteristics and other adjustments under the Sentencing Guidelines that may increase his Total Adjusted Offense Level and/or his Criminal History Category. The defendant further understands that he may be able to argue that any fact that increases the penalty for a crime beyond a prescribed level must be approved by a grand jury and submitted to a trial jury and proved beyond a reasonable doubt. The defendant knowingly and voluntarily waives his right to have or have had facts which may be relevant to the enhancement of his sentence submitted for findings by a grand jury or trial jury.

<u>Acknowledgment of Guilt; Voluntariness of Plea</u>

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, to possess firearms, and federal benefits provided in 21 U.S.C. § 862. The defendant also understands that he is subject to deportation from the United States, and will not be allowed to re-enter the United States without the express written permission of the Attorney General of the United States. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy to possess with intent to distribute cocaine, which forms the basis of the Indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into

unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

>Very truly yours,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>
>
>ROBERT M. APPLETON
>ASSISTANT UNITED STATES ATTORNEY
>FEDERAL BAR #ct05112
>915 LAFAYETTE BOULEVARD
>BRIDGEPORT, CT 06604

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, and that he fully understands and accepts the terms thereof.

_____   11-22-04
JAIME MENDEZ                      Date
The Defendant

I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

_____   11/22/04
MICHAEL HILLIS, ESQ.              Date
Attorney for the Defendant

7