UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| PLAINTIFF | ) | CRIMINAL NO.: 3:01cr162 (SRU) |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | May 13, 2005 |
| JAIME MENDEZ | ) | |
| DEFENDANT | ) | |
| _____ | ) | |

**MEMORANDUM IN AID OF SENTENCING AND MOTION TO ATTACK PRIOR CONVICTION PURSUANT TO RULE 32 OF THE FEDERAL CRIMINAL RULES OF PROCEDURE**

**RELEVANT SENTENCING FACTS:**

1.      While in custody since October 26, 2000 and awaiting trial on the same conduct as in the instant matter, the Defendant, **JAIME MENDEZ**, pled guilty to two counts of breaking and entering.   The Defendant, **JAIME MENDEZ**, was sentenced to one hundred seventy five (175) days "time served" (See Pre-Sentence Report ¶ 54).

2.      The Defendant, **JAIME MENDEZ**, served one hundred and seventy five (175) days as a result of his October 26, 2000 arrest.   The Defendant, **JAIME MENDEZ**, was credited for the one hundred and seventy five days (175) with regard to said guilty plea.

3.      The Defendant, **JAIME MENDEZ**, pled guilty to said charges while having been identified by the United States as a conspirator in a cocaine trafficking conspiracy.

4.      The Defendant, **JAIME MENDEZ**, pled guilty based solely upon the surveillance

identified in the Pre-Sentence Report without the knowledge of the federal indictment, which

brings him before this Court.

5.      The Defendant, **JAIME MENDEZ**, pled guilty to said charges without the

knowledge of the federal consequences of his guilty plea.

**ARGUMENT**:

I.      **THE DEFENDANT, JAIME MENDEZ'S GUILTY PLEA ON APRIL 18, 2001, TO TWO (2) COUNTS OF DAYTIME BREAKING AND ENTERING, WAS IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS.**

In accordance with the Federal Rules of Criminal Procedure as set forth in Boykin v.

Alabama, 395 U.S. 238, at 243-44, 89 S.Ct. 1709 (1969), the Defendant, **JAIME MENDEZ**, and

his counsel could not have understood the ramifications of his guilty plea.   That ramification

being that by pleading guilty he would be unable to avail himself of U.S.S.G. §5C1.2 (a/k/a the

"safety valve"), which would result in almost tripling this sentence from forty six (46) months to a

mandatory minimum of one hundred and twenty months (120).

The 14th Amendment to the U.S. Constitution mandates that Court's must ensure that

Defendants are accorded due process rights and guilty pleas must be voluntary and intelligently

entered into by any Defendant.

This Court is respectfully requested to find that the Defendant, **JAIME MENDEZ**, has no

applicable prior convictions and that his Criminal History Category ("CHC") points total zero (0),

placing him in CHC I.   If the Court rules in this manner, Paragraphs 53, 54, 55, 76 and 77 of

the Pre-Sentence Report should be corrected.

**II.    THE DEFENDANT, JAIME MENDEZ, IS ELIGIBLE FOR THE APPLICATION OF U.S.S.G. §5C1.2 ("SAFETY VALVE") AND SHOULD RECEIVE A SENTENCE WITHIN THE APPLICABLE GUIDELINE RANGE.**

Based on the foregoing argument and the following qualifications, the Defendant submits that given his Criminal History Category of I, the Court can impose a sentence without regard for the ten (10) year mandatory minimum sentence under U.S.S.G. §5C1.2:

1)    Mr. Mendez has either 0 or 1 criminal history point;

2)    There is no evidence to indicate that Mr. Mendez used violence, threats of violence or possess a firearm or other dangerous weapon;

3)    The instant offense did not result in death or serious bodily injury;

4)    There is no evidence that Mr. Mendez was an organizer, leader, manager or supervisor of others in the offense.   This is further evidenced by the Pre-Sentence Report recommendation for a two (2) role adjustment under U.S.S.G. §3B1.2(b).

5)    That when Mr. Mendez took his plea in the instant matter, he fully disclosed all of his knowledge as it relates to this matter.   In addition, Mr. Mendez fully disclosed similar information to Senior Unites States Probation Officer Ray Lopez during his pre-sentence investigation interview.   On February 9, 2005, the Defendant, **JAIME MENDEZ**, through counsel, made written request for a meeting to satisfy this provision.  On February 10, 2005, by written response, the Government constructively waived additional disclosure.   A copy of said correspondence and response are attached hereto and identified as Exhibit A and B.

**CONCLUSION:**

Accordingly, an additional two (2) level reduction is warranted upon the application of U.S.S.G. §5C1.2 and the Defendant, **JAIME MENDEZ**'s offense level calculation should be 23, which at CHC I would result in a 46-57 month guideline range pursuant to the sentencing guidelines.

If the Defendant's argument is not availing on its own merit, the Defendant, **JAIME MENDEZ**, respectfully moves for a departure under U.S.S.G. §5K2.0(a)(2)(B) and U.S.S.G. §5K2.0(a), (3) or (4) in that the situation is unique and falls outside the heartland as conceived by the United States Sentencing Commission.

THE DEFENDANT
**JAIME MENDEZ**

BY: _____
MICHAEL S. HILLIS
DOMBROSKI, KNAPSACK & HILLIS,LLC
129 Whitney Avenue
New Haven, CT 06510
(203) 624-9096
Bar #: ct11867

## CERTIFICATION

This is to certify that the foregoing Motion to Attack Prior Convictions Pursuant to Rule 32 was mailed, postage prepaid, this 13th day of May, 2005, to the following counsel and parties of record:

**ROBERT APPLETON,** AUSA
Office of the United States Attorney
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

**RAY LOPEZ, USPO**
Office of U.S. Probation
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

**THE HONORABLE STEFAN R. UNDERHILL**
U.S. District Court
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

_____
MICHAEL S. HILLIS

**EXHIBIT A**

# DOMBROSKI KNAPSACK & HILLIS LLC
ATTORNEYS AND COUNSELORS AT LAW

129 Whitney Avenue
New Haven, Connecticut 06510
Tel: (203) 624-9096
Fax: (203) 624-1308
Email: dkhlaw@snet.net

February 9, 2005

**SENT VIA FACSIMILE (203) 579-5550 & U.S. MAIL**

Office of the U.S. Attorney
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Attn:   Robert Appleton, AUSA

RE:   United States of America
VS:   Jaime Mendez
        Docket #: 3:04cr219 (SRU)

Dear Attorney Appleton:

Please be advised that we are filing a formal objection to Paragraphs 53-55 of the Pre-Sentence Report, wherein USPO Lopez adds two (2) points under U.S.S.G. §4A1.1(b).

As you are aware, Mr. Mendez was arrested on October 26, 2000.   Subsequent to his arrest, and while incarcerated by the State of Massachusetts, he pled out to what USPO Lopez states was "Breaking and Entering, Daytime with Intent to Commit a Felony" and "Larceny More" in which he received a sentence of "175 days House of Corrections (time served)," and as such should not be deemed a "prior sentence" under U.S.S.G. §4A1.1(b).

It is my position that a Criminal History Category II clearly overstates the seriousness of Mr. Mendez's record and I will be arguing that he should be considered a Criminal History Category I with an offense level of 25.   Should the Court agree with my argument, I believe that Mr. Mendez would qualify for the "safety valve" (U.S.S.G. §5C1.2).

Please advise as to the Government's position in this regard, and whether you would consider Mr. Mendez's proffer to the Court on November 22, 2004 and subsequent proffer to USPO Lopez as satisfaction of §5C1.2(a)(5) should the need arise.   If not, we wish to set up a meeting at your earliest convenience prior to the sentencing date in order to satisfy said requirement.

Please feel free to contact me to discuss same.   I remain,

Very truly yours,

Michael S. Hillis

MSH/cf

CC:   Ray Lopez, USPO - (203) 579-5571



**EXHIBIT B**  U.S. Departme   of Justice

*United States Attorney*
*District of Connecticut*

_____

| | |
|---|---|
| *Brien McMahon Federal Building* | *(203) 696-3000* |
| *915 Lafayette Boulevard, Room 309* | *Fax (203) 579-5575* |
| *Bridgeport, Connecticut 06604* | *www.usdoj.gov/usao/ct* |

By Fax & Regular Mail

February 10, 2005

Michael S. Hillis, Esq.
Dombroski, Knapsack & Hillis LLC
129 Whitney Avenue
New Haven, CT 06510

     Re: <u>United States v. Jaime Mendez</u>
         Criminal No. 3:04CR219(SRU)

Dear Mr. Hillis:

     I write in response to your letter of February 9, 2005 in connection with the referenced matter. In your letter you seek the government's position on the eligibility of your client for the safety valve. After a review of your arguments, the addendum to the presentence report prepared by Senior United States Probation Officer Ray Lopez, and the relevant case law, the government concludes that your client is statutorily barred from consideration for the safety valve based upon his prior convictions, nothwistanding your argument that his criminal history category overstates his criminal history (a point with which the government further disagrees). In the government's view, the defendant faces a mandatory minimum ten years imprisonment consistent with the terms of the plea agreement.

     Any argument that your client's criminal history is overstated and thus able to be reduced to category I to trigger eligibility for the safety valve is foreclosed by two Second Circuit cases, <u>United States v. Resto</u>, 74 F.3d 22 (2d Cir.1996) and <u>United States v. Sharpa</u>, 265 F.3d 144 (2d Cir. 2001). These cases seem directly on point, as the probation officer has pointed out. The fact remains that the defendant's criminal history category is above I which renders him statutorily ineligible for the safety valve and hence subject to the statutory mandatory minimum. As an aside, the government also disagrees that the defendant's criminal history category is overstated.

     Finally, albeit a moot point in light of the above, the government does not agree with the defendant's recitation of his role in the conspiracy and thus would take the position that the defendant is further ineligible for the safety valve in that he fails to meet the last criteria, namely truthfully admitting and not falsely denying his role in the offense. Again, I do not believe a further meeting on this is needed at this time based upon the fact that he is otherwise ineligible for safety valve consideration.

Thank your for your correspondence in the matter.  If you have any questions, please do not hesitate to contact me.

Very truly yours,

Kevin J. O'Connor
United States Attorney

Robert M. Appleton
Assistant United States Attorney

cc: Ray Lopez, Senior United States Probation Officer

2