IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED

2008 APR -2 P 12:09

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

              Criminal No. 3:01-CR-162(SRU)

JAIME MENDEZ,
    Defendant.

---

**1B1.10 REDUCTION IN TERM OF IMPRISONMENT AS RESULT OF AMENDED GUIDELINES AMENDMENTS PURSUANT TO 3582(c)(2)**

---

COME NOW, Defendant, Jaime Mendez, herein/after most Respectfully request this Honorable Court for resentencing pursuant to the new amended guidelines effective November 1, 2007, by the United States Sentencing Commission retroactively.

Pursuant to 18 U.S.C. 3582(c)(2), which states:

> In the case of a defendant who has been sentenced to term of imprisonment base on a sentencing range that has subsequently been lowered by the Sentencing pursuant to 28 U.S.C. 994(o) upon motion of the defendant or on it's own motion the court may reduce the term of imprisonment after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant is a pro-se prisoner litigant and thus is entitled to deference and lenient construction of his court papers. See Haines v. Kerner, 404 U.S. 519, 520, (1972).

## STATEMENT OF THE CASE

On July, 2001, the Defendant, Jaime Mendez was indicted and charged in Count One of a two count indictment.

On July 12, 2001, an arrest warrant was issued. Mendez, having been arrested on October 26, 2000 by the Commonwealth of Massachusetts authorities on the same incident, had already been in the custody of the State of Massachusetts.

On November 7, 2001, Mendez was indicted and charged in Court **One, Two** and Three of a four count Superceding indictment charging violations of Title 21 U.S.C. § 841(a)(1)(Possession with intent to Distribute Cocaine), 21 U.S.C. § 846 (**Conspiracy**) and 18 U.S.C. § 2 (Aiding and Abetting). From sometime in or about October, 2000 through November 8, 2001, Mendez, allegedly, and others, did knowingly and intertionally combine, conspire, confederate and agree to possess with intent to distribute five (5) Kilograms of cocaine base in violation of 21 U.S.C. § 841(a)(1)and 18 U.S.C. §2. On October 26, 2000, Mendez, and others, did knowingly and intentionally possess with intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). On November 7, 2001, the Superceding indictment was filed. On September 23, 2002, the Government proposed and mandez agreed to have this matter dismissed pending the resolution of the Defendant's appeal in the matter of <u>Commonweath of Massachusetts v. Jaime Mendez</u>, Docket No. MiCR2000-01557) on the same incident. In said agreement, mendez agreed to have the Superceding Indictment reinstated if his state level appeal was successful. In June of 2004, Mendez's State level conviction was overturned by the Appeals Court ot the Commonwealth of Massachusetts.

On November 22, 2004, Mendez agreed to have the Superceding indictment reinstated and entered a plea of guilty in this instant matter. The Commonwealth of Massachusetts agreed to dismiss his state level matter so long as the Defendant received a certain amount of incarceration time at the federal level.

On December 23, 2005, U.S. Probation Officer Ray Lopez prepared the pre_sentence report. On May 13, 2005, Mendez, through counsel, filed his sentencing memorandum. On May 17, 2005, Mendez was sentenced to the mandatory minimum of 120 months imprisonment.

In section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

1) In General- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

### THE AMENDMENT IN QUESTION IN THIS MATTER IS THE AMENDMENT REGARDING CRIMINAL HISTORY

Defendant contends, that as a result he is entitled to a reduction under the new amended guidelines amendments effective November 1, 2007, if they are applicable to his case.

3

A district court is authorized to modify a defendant's sentence only in specified instance where congress has expressly granted the court jurisdiction to do so," **United States v. Blackwell, 81 F. 3d 945, 947 (10th Cir. 1996).**

Section 3582(c)(2) of title 18 "provides three avenues through which the court may modify a term of imprisonment once it has been imposed. See **United States v. Blackwell, 81 F.3d at 947** (quoting 18 U.S.C. 3582(c) those three narrow avenues are:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist, 18 U.S.C. § 3582(c)(1)(a)(i), (ii). Second, a court may modify is such modification is "otherwise expressly permitted by status or by rule 35 of the Federal Rules of Criminal Procedures."Id. 3582(c)(1)(b). Three a court may modify a sentence if a sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Title 18 United States Code, Section 3582(c(2).

## CONCLUSION

Defendant Respectfully requests this Honorable Court to order appointment of Counsel for the purpose of seeking a reduction in Defendant's original sentence, and the United States Probation Office to provide the court, Defendant's counsel, and Government counsel a supplemental presentence report. The supplemental report shall address the issues of whether Defendant is eligible for a reduction of his sentence, and, if so whether Defendant is suitable for such a sentence reduction pursuant to the provisions of the Amendment and U.S.S.G. § 1B1.10, which became effective on March 3, 2008, in the interest of justice.

The undersigned declares under penalty of perjury that the above is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this date March 26 2008,

Respectfully Submitted

*[signature]*

Jaime Mendez
Reg. No. 14449-014
BSCC Airpark Unit
3700 Wright Ave.
Big Spring, Texas 79720


Sworn to and subscribed before me this date of March 26, 2008,

Notary Public *[signature]*
Signature

*[Notary seal: PATSY O. RODRIGUEZ, Notary Public, State of Texas, My Commission Expires January 31, 2012]*

*[signature]*
Signature
Jaime Mendez
Reg. No. 14449-014
BSCC Airpark Unit
3700 Wright Ave.
Big Spring, Texas 79720


### CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing motion pursuant to 18 U.S.C. § 3582(c)(2). by first-class mail postage pre-paid to the following:
United States Attorney's Office, At 916 Lafayett Boulevard
New Haven, Connecticut 06510

Respectfully Submitted

*[signature]*
Jaime Mendez
Reg. No. 14449-014
PRO-SE Applicant